VAN DOREM JOHNSON, IND., AND AS GUARDIAN FOR JANE JOHNSON, JOSEPH JOHNSON, JR., AND MELVIN BROWN, PETITIONER-RESPONDENT, v. WALTER KIDDE CONSTRUCTION, INC., RESPONDENT-APPELLANT.

Essex County Court
Law Division

Decided May 2, 1961.

*Messrs. Harry and George G. Cohn (Mr. Harry Cohn,* appearing), attorneys for petitioner-respondent.

*Mr. John W. Taylor,* attorney for respondent-appellant (*Mr. Everitt Rhinehart,* of counsel).

MASUCCI, J. C. C. This case involves an appeal from an award to petitioner by the Division of Workmen's Compensation Division.

The first issue raised in this appeal involves the question of the Division's jurisdiction in a claim arising out of an accident which took place in and during the course of the petitioner's employment in the State of New York.

This issue involves a mixed legal and factual question of the *situs* of the employment contract between the parties.

The deceased had, for some years prior to the claimed incident, been employed by the respondent on various occasions and on different building projects. At times the employment was continuous from one project to another and on other occasions there were periods of unemployment between projects ranging from short periods to approximately ten months.

As each project ended, the employment was formally terminated by written notice. When and if another project developed, neither party was under any obligation to resume employment relations and each was free to do so if he or it so desired. Although both parties were subject to union contract agreements, neither party had any duty to give or receive priority rights of re-employment. To obtain re-employment as to each project, the deceased was required to make written application for the same and the respondent was under no obligation to re-employ the decedent. To each, resumption of employment was purely voluntary.

Between the last employment in New Jersey on the Prudential project and his re-employment in New York State, a period of almost two months had elapsed, during which time there was no employment relationship between the parties.

The issue of whether the decedent's employment in New York State was a continuation of the New Jersey employment, or a separate and distinct employment, must be resolved on the nature of the *hiatus* between the separate employment phases. *English v. Stokes Molded Products,* 43 *N. J. Super.* 68 (*App. Div.* 1956).

In the instant case, the actions of the parties of definite termination, by formal written notice, of each employment,

with an uncertain and indefinite break in the continuity of said employment and, most importantly, with no express, implied or tacit understanding or agreement of re-employment, nor even the right of any priority re-employment, all spell out separate and independent contracts of re-employment with every new project.

At the argument before this court the petitioner stressed the cases of *Bowers v. American Bridge Co.*, 43 *N. J. Super.* 48 *(App. Div.* 1956); *English v. Stokes Molded Products, supra* and *Gomez v. Federal Stevedoring Co., Inc.*, 5 *N. J. Super.* 100 *(App. Div.* 1949), in support of the contention that the employment was a continuous employment, originating and entered into in New Jersey.

This court promised to reconsider the cited cases, but again comes to the conclusion that they are clearly distinguishable from the instant case.

In the *Bowers* case the accident occurred in Pennsylvania, the employment agreed upon in New Jersey, but during said employment the petitioner obtained a leave of absence prior to his injuries. It was the practice that when any employee was off the payroll for over a week, upon his return to work he was required to sign a new employment card, which the petitioner there signed in Pennsylvania. Therefore, it was contended that it constituted a new employment agreement made in Pennsylvania, and the New Jersey courts would have no jurisdiction. However, the petitioner testified that he had been given a leave of absence, that he returned following his leave of absence, and there was proof that the office practice required a new employment card to be completed, even though the employee was taken off the payroll due only to a leave of absence. There was nothing to dispute that the signing of a re-employment card was only an office practice and did not involve any intention of any termination and new agreement. Certainly, the one circumstance of the office practice would not justify any such inference.

In the *English* case, the original employment agreement was made in New Jersey. It was claimed the petitioner was laid off and re-employed in Pennsylvania. However, the petitioner testified he was not laid off but was simply transferred to the Pennsylvania plant of respondent. It was held that the respondent's records were self-serving and could not establish a layoff of the petitioner in the absence of proof that he was advised of same. In the face of petitioner's flat denial and of his credible and unrefuted account of the circumstances of his transfer, the court found there was no layoff but simply a transfer of his employment to the Yardley, Pennsylvania plant.

The *Gomez* case involved only the question of whether the original employment agreement was made in New Jersey or New York. It was there held that the agreement was made through a union hatch boss, and that although the petitioner had not, by express words, accepted the work, the employment was accepted in New Jersey by his actions in meeting the hatch boss in Newark and going by automobile to the job in Brooklyn.

None of the cases indicate any definite and express formal termination and formal written re-employment, to the knowledge of both parties. The intent is expressly and in unmistakable terms included in formal writings, consented to by both parties, and cannot be brushed aside simply to permit prosecution of the petitioner's claim in New Jersey.

This court, therefore, holds that, at the time of the incident in question, the deceased was in the respondent's employ under a separate and distinct employment agreement entered between the parties in the State of New York. In view of the above conclusions, the Division and this court have no jurisdiction of the subject matter of the petitioner's claim and it, therefore, becomes unnecessary and inadvisable to pass upon and decide the ultimate issues involved.

The petition will, therefore, be dismissed without prejudice.